McKiNNEY, J".,
delivered the opinion of the Court.
This was an action of ejectment, brought by Boles against the defendants, in the Circuit. Court of Overton, on the 28th of March, 1856.
The defense relied upon is, that in a previous action of ejectment instituted by the present defendants against one Allred, the tenant of the present plaintiff, subsequently to the passage of the act of 1852, ch. 152, the defendants recovered the same identical tract of land sued for in this action, and were put in possession of the same under process of the Court, which judgment remains in full force: and the defendants rely upon said judgment in bar of this action, by force of the provision of the 2 § of the act of 1852.
The proof shows that on the trial of the former action, Boles, though no party to the record, voluntarily appeared, produced his title papers, and was permitted to conduct the defense, in the name of his tenant. And having done so, it was insisted, on the trial of the present action, that he was concluded by the former judgment. Of this opinion was his Honor, the Circuit Judge, and he instructed the jury accordingly. Verdict and judgment were for the defendants, and the plaintiff appealed in error.
We think the Court erred in holding that the plaintiff was concluded by the judgment in the former action. The general principle is, that no one can be bound by a verdict, or judgment, unless he be a party to the suit, or be in privity with the party; or possess the power of making himself a party. It is a plain elementary principle of justice, that no one ought *107 to be concluded by a judgment, as to a matter of private right, to which he was not a party; against which he could not avail himself of the means provided by law, for the assertion and protection of his rights; and from which he could not appeal, or prosecute a writ of error.
But it is said, that here Boles might have had himself made a party defendant in the former suit; and having voluntarily renounced the right of being made a party to the suit, he cannot be heard, on this ground, to object to the conclusive effect of the judgment; and more especially as on the trial, he was, in point of fact, allowed to conduct the defense, and to avail himself of all the advantages that he would have possessed if a formal party on record.
It is true, that by a provision of the second section of the act of 1852, the landlord may appear, and have himself made defendant, though not sued in the action. But by a subsequent provision of the same section of the act which made the judgment conclusive, “as to the title, or right of possession, established in the action,” it is expressly declared, that it shall have such conclusive effect only, “ upon the party against whom it is recovered” and against all persons claiming from, through, or under such party, by title accruing after the commencement of such action.”
By the term party, in general, is meant one having a right to control the proceedings, to make a defense, to adduce, and cross-examine witnesses, and to appeal from the judgment. It is clear that Boles was no party to the former action, in the legal sense of the term, and the fact that he officiously, or by the favor of the *108 Court, was permitted to interfere in conducting tbe defense, does not affect tbe question; be bad no legal right to do so.
The defendants can no more insist that Boles is es-topped by tbe former judgment, than be could have insisted, in tbe event tbe judgment bad been tbe other way, that tbe defendants were concluded from suing him in a subsequent action. Tbe conclusive effect of tbe judgment must be mutual. But it is useless to reason upon this question. By tbe express terms of tbe statute, tbe conclusive effect of tbe judgment is limited to tbe “party against whom it is recovered.” That is, tbe party of record, and those claiming under him by title, subsequently acquired. And for obvious reasons, we are not inclined to enlarge tbe operation, or effect of this provision by recognizing constructive estoppels.
Tbe judgment is erroneous, and will be reversed.